## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

JOHN J. BASKAS                    )
                                  )
              Plaintiff,          )
                                  )
     v.                           )        **Case No. 13-2018-RDR**
                                  )
**NEIL VOGEL**, individually and in   )
his official capacity as a        )
Leavenworth Police Officer;       )
                                  )
**PAT KITCHENS**, individually and in  )
his capacity as Chief of Police   )
of Leavenworth, Kansas;           )
                                  )
**CITY OF LEAVENWORTH, KANSAS**,       )
                                  )
              Defendants.          )
_____   =

## MEMORANDUM AND ORDER

This is an action asserting state law claims and claims
pursuant to 42 U.S.C. § 1983 against a City of Leavenworth
Police Officer (defendant Vogel), the Chief of Police of the
City of Leavenworth (defendant Kitchens), and the City of
Leavenworth itself.  The case arises from the execution of a
search warrant during which plaintiff allegedly was shot
multiple times by defendant Vogel.

This case is before the court upon defendants' motion to
dismiss three of the five counts of the original complaint (Doc.
No. 26), and plaintiff's motion to amend the complaint (Doc. No.
33).  The original complaint was filed on January 8, 2013.
Defendants filed their motion to dismiss on April 29, 2013.

Plaintiff responded to the motion to dismiss and simultaneously filed the motion to amend the complaint on May 17, 2013. Among other changes, the proposed amended complaint has two additional counts. So, the proposed amended complaint has seven counts.

Defendants have opposed the motion to amend arguing that the motion is untimely because a scheduling order (Doc. No. 18) set a deadline of May 1, 2013 for amending the pleadings. Defendants also argue that Counts I, IV and VII of the proposed amended complaint fail to state a claim for the same reasons argued by defendants with regard to Counts I, IV and V of the original complaint. Finally, defendants contend that the motion to amend should be denied because plaintiff was already aware of the facts upon which the proposed amended complaint is based at the time of the original complaint or the deadline for filing an amended complaint, and waited too long to seek leave to amend.

When faced with a motion to amend filed after the deadline for filing motions to amend, judges in this district have applied the provisions of FED.R.CIV.P. 16(b)(4) and FED.R.CIV.P. 15(a). E.g., Chambers v. Kansas City Kansas Community College, 2013 WL 2422733 *1 (D.Kan. 6/3/2013).

Rule 16(b)(4) provides that: "A schedule may be modified only for good cause and with the judge's consent." Good cause exists here in the court's opinion.

The motion to amend was filed in response to defendants'
motion to dismiss. Plaintiff sought to address defendants'
concerns "with greater specificity than is in the original
complaint." Doc. No. 33, p. 1. One may assume that plaintiff
was largely unaware of defendants' concerns until defendants
filed the motion to dismiss on the eve of the deadline for
filing motions to amend. So, there was good cause to file the
motion to amend after the deadline in the scheduling order.
Plaintiff filed the motion to amend 18 days after defendants
filed the motion to dismiss. This does not constitute undue
delay.

One may further assume that if plaintiff had not filed the
motion to amend and that if the court had granted defendants'
motion to dismiss, the court would have granted plaintiff leave
to amend the complaint. See <u>McKinney v. State of Oklahoma Dept.
of Human Services</u>, 925 F.2d 363, 365 (10th Cir. 1991)("the
preferred practice is to accord a plaintiff notice and an
opportunity to amend his complaint before acting upon a motion
to dismiss for failure to state a claim"). Since the preferred
practice is to grant a plaintiff an opportunity to amend before
taking final action upon a motion to dismiss for failure to
state a claim, the court believes there is good cause to amend
the scheduling order to permit plaintiff the opportunity to do

now what the court may well have permitted later in these proceedings.

Defendants could argue that good cause does not exist because the proposed amendments are futile. But, the court believes the futility contention is better tested with a new motion to dismiss addressing the allegations contained in the amended complaint, instead of requiring the court to compare the allegations of the original and amended complaints and determining whether defendants' arguments apply equally to each. Of course, this puts defendants to the trouble of filing another motion to dismiss (which defendants have sought leave to do if the court grants the motion to amend). This, however, was a possibility anyway if the court proceeded only upon the original complaint and granted defendants' motion to dismiss, but allowed plaintiff leave to amend. In sum, the court finds good cause to amend the scheduling order to permit plaintiff to file an amended complaint.

Plaintiff still must establish that the requirements of Rule 15(a) are satisfied. This is not a heavy burden. Under Rule 15(a)(2), the court is instructed to grant leave to amend "freely . . . when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously

allowed, or futility of amendment." <u>Frank v. U.S. West, Inc.</u>, 3 F.3d 1357, 1365 (10th Cir. 1993).

Here defendant argues undue delay not only because of the deadline in the scheduling order has passed but also because plaintiff has not employed any recently acquired information to make the changes made in the proposed amended complaint. The proposed amended complaint was filed a little more than four months after this case was filed. This is not undue delay. Defendants' arguments in this matter would suggest that plaintiffs should only be allowed one crack at pleading a complaint unless new facts come to light. The court does not believe this is the normal practice when a motion to dismiss for failure to state a claim is filed, particularly in the absence of significant prejudice to a defendant or a showing of dilatory motive. "Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result. . . . Typically, courts will find prejudice only when an amendment unfairly affects non-movants in terms of preparing their response to the amendment." <u>Bylin v. Billings</u>, 568 F.3d 1224, 1229 (10th Cir. 2009)(quotations and citations omitted). Defendants have not shown prejudice in preparing a response to the amended complaint. Defendants may still file a motion to dismiss for failure to state a claim. As the court has already

stated, it will be easier and more efficient for the court to examine defendants' futility argument in that context.

In conclusion, the court shall grant plaintiff's motion to amend the complaint. Plaintiff should file the amended complaint by August 16, 2013. This action makes defendants' motion to dismiss moot. Defendant is granted leave until September 16, 2013 to file a motion to dismiss the amended complaint.

**IT IS SO ORDERED.**

Dated this 9th day of August, 2013, at Topeka, Kansas.

_s/Richard D. Rogers_
United States District Judge